# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| BRIAN DIGGS, #248964, | ) ) ) CIVIL ACTION NO. 9:08-cv-00540-GRA-BM |
| Petitioner, | ) ) |
| v. | ) ) |
| WARDEN ROBERT STEVENSON, | ) ) **REPORT AND RECOMMENDATION** |
| Respondent. | ) ) ) |

Petitioner, an inmate with the South Carolina Department of Corrections, seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The petition was filed pro se on February 12, 2008.[1]

The Respondent filed a return and motion for summary judgment on July 25, 2008. As the Petitioner is proceeding pro se, a Roseboro order was filed on August 22, 2008, advising the Petitioner that he had thirty-four (34) days to file any material in opposition to the motion for summary judgment. Petitioner was specifically advised that if he failed to respond adequately, the motion for summary judgment may be granted, thereby ending his case. After receiving three extensions of time, Petitioner filed a memorandum in opposition on October 31, 2008. This matter is now before the Court for disposition.[2]

---

[1] Filing date per Houston v. Lack, 487 U.S. 266, 270-276 (1988).

[2] This case was automatically referred to the undersigned United States Magistrate Judge for all pretrial proceedings pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(c) and (e), D.S.C. The Respondent has filed a motion for summary judgment. As this is a dispositive motion, this Report and Recommendation is entered for review by the Court.



1

## Procedural History

Petitioner was indicted in February 1995 in Lancaster County for murder [Indictment No. 95-GS-29-189] and attempted armed robbery [Indictment No. 95-GS-29-191]. (R.pp. 112-113, 116-117) See Respondent's Exhibit 1. Petitioner was represented by Jerry M. Screen, Esquire, and Leon Banks, Esquire, and on April 13, 1998 pled guilty as charged in exchange for the State withdrawing notice of intent to seek the death penalty. (R.pp. 1-21). Petitioner was sentenced on April 14, 1998 to life imprisonment for murder, and confinement for ten (10) years, consecutive, for attempted armed robbery. (R.pp. 24-45). Petitioner did not appeal his plea or sentence.

On April 7, 1999, Petitioner filed a pro se application for post-conviction relief ("APCR") in state circuit court; Diggs v. State of South Carolina, No. 1999-CP-29-187; in which he raised the following issues:

1. Ineffective Assistance of Counsel (various claims):

2. Coerced guilty plea.

(R.pp. 47-64).

Petitioner was represented in his APCR by Philip E. Wright, Esquire, who filed an amended petition raising the following issues:

> 1. The Petitioner was denied his Constitutional right to a jury trial in that he was not advised by his counselor or the Court of the nature and importance of the right and that he did not knowingly and intentionally waive that right.
>
> 2. The Petitioner was denied his Constitutional right to call and confront witnesses on the issue of his innocence or guilt in that he was not advised by his counselor or the Court of the nature and importance of the right and that he did not knowingly and intentionally waive that right.
>
> 3. The Petitioner was denied his Constitutional right to challenge the voluntariness of any statement which he had given in that he was not advised by this counselor or



2

the Court of the nature and importance of the right and that he did not knowingly and intentionally waive that right.

4. The Petitioner's decision to plead guilty was coerced by his attorneys and the State in that the State contended that it could seek the death penalty based on the allegation that the Petitioner had committed attempted armed robbery and that attempted armed robbery was an aggravating circumstance to allow the State to pursue the death penalty, when in fact attempted armed robbery was not listed as an aggravating circumstance in the Death Penalty Statute and that the State did not have the right to try the Petitioner's case as a capital case. The Petitioner pled guilty in part to avoid the death penalty.

5. The Petitioner's decision to plead guilty was coerced by his attorneys and the State in that Petitioner gave a statement while in custody that was coerced by the investigating authorities but which was not challenged by the Petitioner's attorneys and which the Petitioner did not know he had a right to challenge by hearing in open court.

6. The Petitioner has been denied his right to rehabilitation while incarcerated as granted by Article XII, Section 2 of the South Carolina Constitution.

7. The Petitioner alleges that his attorneys failed to adequately investigate the case, failed to properly advise him concerning the possible punishments for the alleged crime and placed undue pressure on him to plead guilty.

(R.pp. 65-66).

An evidentiary hearing was held on June 4, 2003; (R.pp. 71-106); following which the PCR judge issued an order dated August 1, 2003 denying and dismissing the petition with prejudice. (R.pp. 107-111).

Petitioner then filed a Petition for Writ of Certiorari. Petitioner was represented on appeal by Tara S. Taggart, Assistant Appellate Defender of the South Carolina Office of Appellate Defense, who raised the following issue:

> Whether petitioner's guilty plea failed to comply with the mandates of Boykin v. Alabama.

See Respondent's Exhibit 2, p. 2.



3

On April 11, 2007, the South Carolina Court of Appeals denied the petition. <u>Diggs v. State</u>, (S.C.Ct.App. filed April 11, 2007) <u>See</u> Respondent's Exhibit 4. The Remittitur was issued on May 1, 2007. <u>See</u> Respondent's Exhibit 5.

In his Petition for writ of habeas corpus filed in United States District Court, Petitioner raises the following ground:

**Ground One:** The Petitioner was denied his Constitutional right to a jury trial.

**Ground Two:** The Petitioner was denied right to confront witnesses.

**Ground Three:** The Petitioner was denied his right to challenge the voluntariness of his statement.

**Ground Four:** The Petitioner was denied effective assistance of counsel.

**Ground Five:** The Petitioner also claims that the State lacked jurisdiction to seek the death penalty.

<u>See</u> <u>Petition</u>, pp. 5-6, and attachment.

## Discussion

Respondent has moved for summary judgment pursuant to Rule 12 (b) and Rule 56 (b), Fed.R.Civ.P., submitting that the entire petition is without merit. Summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Rule 56(c), Fed.R.Civ.P; <u>see</u> Habeas Corpus Rules 5-7, 11. Further, while the federal court is charged with liberally construing pleadings filed by a <u>pro se</u> litigant to allow the development of a potentially meritorious case; <u>See</u> <u>Cruz v. Beto</u>, 405 U.S. 319 (1972), and <u>Haines v. Kerner</u>, 404 U.S. 519 (1972); the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts



4

which set forth a federal claim, nor can the court assume the existence of a genuine issue of material fact where none exists. Weller v. Dep't of Social Services, 901 F.2d 387 (4th Cir. 1990).

### I.

Respondent initially contends in his motion, inter alia, that the entire Petition is subject to dismissal because Petitioner failed to file his application for a writ of habeas corpus in federal court within one (1) year following the exhaustion of his state court remedies. As provided by statute, this limitation period runs from the latest of -

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d)(1) and (2).

Under § 2244(d)(1)(A), Petitioner's state court conviction became final on April 24, 1998, ten (10) days after he was sentenced. Rule 203(b)(2), SCACR.³ (R.pp. 43-44). By the time

---

³Because Petitioner did not file a direct appeal, the ninety (90) day period for seeking certiorari from the United States Supreme Court is not included. See Pfeil v. Everett, 9 Fed.Appx. 973, 977 (10th Cir. 2001)["Because [Petitioner] did not file a direct appeal to the [state] Supreme court, the ninety-day time period for appeals to the United States Supreme Court did not extend the date that his judgment and sentence became final."]. See e.g., Harris v. Hutchinson, 209 F.3d 325,



5

Petitioner then filed his APCR on April 7, 1999, three hundred and forty-eight (347) days had passed from when his conviction had become final. By statute, the period of limitations was thereafter tolled during the pendency of Petitioner's APCR, until May 1, 2007, the date that the Remittitur was issued. See eg Ott v. Johnson, 192 F.3d 510 (5th Cir. 1999)[tolling does not include 90 days for United States Supreme Court certiorari petition from final denial by state's highest court of collateral action], cert. denied, 529 U.S. 1099 (2000); Harris v. Hutchinson, 209 F.3d 325 (4th Cir. 2000)[running clock from when state appellate court denied leave to appeal denial of state post-conviction petition]; Mays v. Hickman, 2000 WL 538131 at **1; Drafts v. Maynard, No. 02-120, 2002 WL 32710121 (D.S.C. Aug. 6, 2001), appeal dismissed, 2002 WL 31430540 (4th Cir. Oct. 31, 2002). By the time Petitioner then filed this action on February 12, 2008, another two hundred and eighty-six (286) days of additional non-tolled time had accrued since the final disposition of his APCR. Combined with the previous 347 days of non-tolled time, it is readily apparent that Petitioner filed this action well outside the applicable one year statute of limitations.

The Fourth Circuit has held that the federal one year statute of limitations can be subject to equitable tolling; see Rouse v. Lee, 314 F.3d 698, 704 (2003)(citing Harris, 209 F.3d at 330); and as ground for tolling Petitioner argues that he had previously forwarded a federal habeas petition to the prison mail room at the McCormick Correctional Institution on April 26, 2007, but

---

327 (4th Cir. 2000) [where Petitioner appealed to the state Supreme Court, direct review concludes at expiration of time for seeking certiorari from United States Supreme Court]; 28 U.S.C. § 1257 [United States Supreme Court can only review on certiorari the final judgments of "highest court of a state"]; U.S.Sup.Ct.R. 10(b) [certiorari considered where "state court of last resort" has decided important federal question]; U.S.Sup.Ct.R. 13 [time period for petition for writ of certiorari is 90 days from decision or judgment of state court of last resort]; Rule 203(b)(2), SCACR [10 day requirement for filing of Notice of Appeal from criminal conviction].



6

that the Petition had never been mailed to the Court.[4] However, the Fourth Circuit held in Harris that circumstances will rarely warrant equitable tolling, and that a Petitioner carries the burden of showing that he is entitled to equitable tolling. Harris, 209 F.3d at 330; see also Marengo v. Conway, 342 F.Supp.2d 222, 230 (S.D.N.Y. 2004); Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002). Equitable tolling applies only in the rare and exceptional circumstance, and is limited to "extraordinary circumstances" preventing a prisoner from filing a timely petition. Warren v. Garvin, 219 F.3d 111, 113 (2d Cir. 2000); Marengo, 342 F.Supp.2d at 230. Further, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence throughout the period he seeks to toll." Marengo, 342 F.Supp.2d at 230 (quoting Warren, 219 F.3d at 113).

Petitioner has submitted an affidavit in which he represents that he was transferred to the Broad River Correctional Institution on November 9, 2007, at which time he requested his "power of attorney/friend Tonette Chisolm" to check on the status of his grievances and legal documents. See Petitioner's Affidavit. This was almost seven (7) months *after* Petitioner claims he initially sent a federal habeas Petition to the McCormick prison mail room. Petitioner and Chisolm both contend that she was unable to obtain any information, and that Petitioner himself wrote an inmate to staff request to the Warden at McCormick Correctional Institution on November 14, 2007 questioning about alleged retaliation and missing legal papers. See Petitioner's Affidavit; see also Chisolm Affidavit. After Petitioner did not receive a response in thirty (30) days, he states that,

> This chain of evens prompted me to investigate the status of all my legal issues that I undertook while housed at McCormick C.I.

---

[4]Petitioner initially represented in his affidavit and memorandum in opposition that he attempted to file a habeas petition on April 30, 2007. However, on November 10, 2008, Petitioner filed a motion to correct a "typographical error" of dates and change that date to April 26, 2007.



7

> It was quite obvious that prison officials at McCormick C.I. were interfering with my access to court and withholding grievances. Moreover, the claims that I had pending against them posed serious civil damage to them in court which they were trying to avoid.

Petitioner alleges that he then again contacted Chisolm (but apparently not until either late January 2007 or early February 2008, no exact date is provided) and requested that she contact the United States District Court to check the status of his habeas petition because many months had passed and he had not received a return. See Petitioner's Affidavit. Chisolm attests that in February 2008, she contacted the Clerk's Office for the South Carolina District Court and was informed that there was no evidence that a habeas petition had been filed. See Chisolm's Affidavit. Petitioner attests that he received a letter from Chisolm on February 5, 2008, relaying this information and that he subsequently filed another habeas petition on February 12, 2008. See Petitioner's Affidavit.

Since Petitioner's time period to file his habeas petition did not start to run again (after being tolled while he pursued his APCR) until May 1, 2007 (the date that the remittitur was sent down), it appears that Petitioner contends that he is entitled to equitably toll the entire period after that date until February 5, 2008, when he received the letter from Chisolm. However, although Petitioner has the burden of proof, he has provided no evidenc other than the conclusory statements in his affidavit to support his claim for tolling in this case. He has not submitted any prison mail logs to support the dates that he represents to have received correspondence from Chisolm and has also not submitted copies of any correspondence from Chisolm.[5] The undersigned also notes that when Petitioner filed his present petition, he was specifically asked, "Other than direct appeal from

---

[5] As for his grievances, Petitioner in his response contends that he has requested copies of his pending grievances between the date of December 2006 and February 2008, but that these documents have not been provided to him. See Requests to Staff Members (Attached to Memorandum in Opposition to Summary Judgment).



8

the judgment of conviction and sentence, have you previously filed any petitions, applications, or motions with respect to this judgment in *any* court, state or *federal*?" See Petition, p.3 [emphasis added]. In response, Petitioner listed only his PCR action and his writ of certiorari to the South Carolina Supreme Court. Petitioner did not list or refer to any attempt to previously file a federal petition. See Petition, pp. 3-4.

It is also worth noting that while Petitioner now claims to have submitted his first federal petition for filing on April 26, 2007; see motion (Court Docket No. 52); he states in his affidavit that he did not receive a copy of the order denying the appeal of his APCR until April 27, 2007, the following day. Finally, in a copy of the first page of a letter addressed to Chisolm and purportedly from the Petitioner (which is attached to Chisolm's affidavit), he states that he had filed a habeas petition a *few* days ago because the State Court of Appeals had turned down his state appeal. However, the attached envelope addressed to Chisolm reflects a date of May 22, 2007. See Attachments to Memorandum in Opposition (Emphasis Added). Therefore, based on Petitioner's statement, he let almost a month go by after receipt of the order denying his appeal before he filed his habeas petition, which of course is contrary to the other claims Petitioner makes concerning the alleged filing of an earlier Petition. All of these exhibits and evidence cast serious doubt on Petitioner's claims of having filed an earlier federal habeas petition.

In any event, to obtain equitable tolling, "the party seeking equitable tolling must have acted with reasonable diligence *throughout the period he seeks to toll*." Marengo, 342 F.Supp.2d at 230 [Emphasis Added]. Even assuming arguendo that Petitioner did attempt to file a habeas petition on April 26, 2008, the question then becomes how long the time period should be equitably tolled. By Petitioner's own admission, he suspected by at least November 14, 2007 that



9

his mail had been mishandled and requested information concerning retaliation and missing legal papers.[6] Petitioner then alleges that when he did not receive a response in thirty (30) days, it prompted him to investigate the status of all of his legal issues that he had undertaken while housed at McCormick. Petitioner also alleges that by that time, "[i]t was quite obvious that prison officials at McCormick C.I. were interfering with my access to court and withholding grievances." Again, however, even assuming arguendo that Petitioner would be entitled to tolling during this time period, it was now the middle of December. At that point, and despite his admitted knowledge of a problem, Petitioner made no effort to directly contact the United States District Court about his habeas petition. Rather, Petitioner apparently waited until over a month later before requesting Chisolm to make an inquiry. There is no explanation as to why it allegedly took until February for her to then take action, which simply involved a telephone call to the Clerk's Office. There is also no indication that Petitioner himself made any direct attempts to contact the Clerk's Office during that time period. Hence, even assuming Petitioner can establish that he is entitled to equitable tolling and, if so, that he acted with due diligence prior to December 2007, Petitioner has not shown that he acted with due diligence after mid-December 2007. Even though Petitioner had only eighteen (18) days remaining to timely file his federal habeas petition (since 347 days of non-tolled time had already expired before he filed his APCR), he let another two months go by before filing his present Petition.

In sum, Petitioner did not act with due diligence as he failed to ever attempt to contact the Clerk's Office after May 2007 to confirm whether his Petition had been filed, nor did he ever try

---

[6]This is giving Petitioner every benefit of the doubt, since it appears that Petitioner actually had concerns earlier than November 2007.



10

to contact the Clerk from mid-December until February. See Lawrence v. Florida, 127 S.Ct. 1079, 1085 (2007)[to be entitled to equitable tolling, Petitioner must show that he pursued his rights diligently]. Rather, even though Petitioner had received no confirmation or correspondence from the United States District Court for over nine months, he took no action to verify the filing of his alleged earlier Petition during that time period. Cf Castro v. Poole, No. 04-6930, 2005 WL 1538212 at * 2 (S.D.N.Y. June 30, 2005)[Petitioner who claimed to have sent an earlier Petition to the prison mail room denied relief where he took no action to inquire into status of his Petition for nine months, making tolling inappropriate]. Accordingly, Petitioner has not shown that he acted with due diligence throughout the entire period that he seeks to toll, he is not entitled to any equitable relief, and he is therefore barred from seeking federal habeas relief. Artuz v. Bennett, 531 U.S. 4 (2000) [while state collateral review tolls the one-year statute of limitations under § 2244(d)(A), it does not establish a right to file within one year after completion of collateral review]; Pearson v. North Carolina, 130 F.Supp.2d 742 (W.D.N.C. 2001); Calderon v. U.S. District Court of the Central District of California, 127 F.3d 782, 785-787 (9th Cir. 1997), cert. denied, 118 S.Ct. 1395 (1998), overruled on other grounds in later appeal, 163 F.3d 530 (9th Cir. 1998), cert. denied, 119 S.Ct. 1377 (1999). This petition is not timely and should be dismissed.

## Conclusion

Based on the foregoing, it is recommended that the Respondent's motion for summary judgment be **granted**, and that the Petition be **dismissed**, with prejudice.

The parties are referred to the Notice Page attached hereto.



11

_____
Bristow Marchant
United States Magistrate Judge

Columbia, South Carolina
November 25, 2008

12

## Notice of Right to File Objections to Report and Recommendation

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
Post Office Box 835
Charleston, South Carolina 29402

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).

23

