UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION

| | | |
|---|---|---|
| Brian Diggs, #248964, | ) | C/A No.: 9:08-cv-540-GRA |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | (Written Opinion) |
| Warden Robert Stevenson, | ) | |
| | ) | |
| Respondent. | ) | |
| _____ | ) | |

        This matter comes before the Court for a review of the magistrate's Report and
Recommendation pursuant to 28 U.S.C. § 636(b)(1)(B), and Local Rule 73.02(B)(2)(c),
D.S.C., filed on November 25, 2008.  The plaintiff originally brought this habeas
corpus petition pursuant to 28 U.S.C. § 2254 on February 15, 2008.  The respondent
filed a Motion for Summary Judgment on July 25, 2008.  After receiving an order
pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975) issued on October 22,
2008, the petitioner requested an extension in which to file a response.  The court
granted three extensions in which he had to file responses to the respondent's motion
for summary judgment.  The petitioner finally filed a response on October 31, 2008.
The magistrate recommends granting the respondent's Motion for Summary Judgment
and dismissing the habeas petition with prejudice.   The magistrate based his
recommendation on the fact that Petitioner failed to file the petition within the one
year statue of limitations period.  For the reasons stated herein, this Court adopts the
magistrate's Report and Recommendation in its entirety.

Page 1 of  3

Petitioner brings this claim *pro se.* This Court is required to construe *pro se* pleadings liberally. Such pleadings are held to a less stringent standard than those drafted by attorneys. *See Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978). This Court is charged with liberally construing a pleading filed by a *pro se* litigant to allow for the development of a potentially meritorious claim. *See Boag v. MacDougall*, 454 U.S. 364, 365 (1982).

The magistrate makes only a recommendation to this Court. The recommendation has no presumptive weight, and responsibility for making a final determination remains with this Court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made, and this Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). This Court may also "receive further evidence or recommit the matter to the magistrate with instructions." *Id.* In the absence of specific objections, this Court need not give a detailed explanation for adopting the recommendation. *Camby v. Davis*, 718 F.2d 198 (4th. Cir. 1983). The petitioner did not file any objections. The petitioner made a request in which to extend time to file objections executed on December 19, 2008 and postmarked on December 22, 2008. However, this request is untimely and well outside the deadline to file objections. The plaintiff has not good cause required by Rule 6(b) of the Federal Rules of Civil Procedure that would allow for an extension of time to respond.

After reviewing the magistrate's Report and Recommendation, the plaintiff's motion, and the relevant case law, this Court finds that the magistrate applied sound legal principles to the facts of this case in arriving at his recommendation.   Therefore, this Court adopts the magistrate's Report and Recommendation in its entirety.

IT IS THEREFORE SO ORDERED THAT the respondent's Motion for Summary Judgment be GRANTED.

IT IS ALSO ORDERED THAT the petitioner's motion for an extension be DENIED.

IT IS FURTHER ORDERED THAT the petition be DISMISSED with prejudice.

IT IS SO ORDERED.


_____
G. ROSS ANDERSON, JR.
UNITED STATES DISTRICT JUDGE

Anderson, South Carolina
December   31   , 2008


## NOTICE OF RIGHT TO APPEAL

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Plaintiff has the right to appeal this Order within thirty (30) days from the date of its entry. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, **will waive the right to appeal.**